PER CURIAM.
Relator Manuel Molero pled guilty in 1971 to multiple felony charges involving theft, R.S. 14:67, aggravated burglary, R.S. 14:60 and aggravated escape, R.S. 14:110(B). He received a total sentence of ten years’ imprisonment at hard labor. Defendant received his release from the state penitentiary at Angola on parole, January 3, 1974. At the time, the Department of Corrections calculated the balance of his sentence at six (6) years, eleven (11) months, and twenty-four (24) days. That unexpired term became due on April 11, 1978 when the department revoked defendant’s parole. Defendant now asks for the following credit against the balance of his sentence: four months spent in jail in the summer of 1976 awaiting a revocation hearing (which ended in release following a reprimand only); and the time spent in parish prison from January 9, 1978 to the final revocation date of April 11. In defendant’s view, he deserves not only “straight time” credit for the two episodes, but also “good time” earned at the rate of two days for every one. The Department of Corrections has given him no credit (straight or good time) for the months in 1976, and the straight time only (three (3) months, two (2) days) for the interval in 1978.
Defendant’s application is denied for the following reasons.
Of principal concern to the Court here is the possible loss of the “good time” privilege (assuming defendant properly earned it, as he alleges) in this second episode. The trial court did not specifically address the question in the ruling below. The issue turns, as does the 1976 problem, on the interpretation of R.S. 15:574.9(E) as amended by Acts 1974, No. 203:
When the parole of a parolee has been revoked by the board for the violation of *726 the conditions of parole, the parolee shall be returned to the institution from which he was paroled and serve the remainder of his sentence as of the date of his release on parole, subject to consideration by the board of any commutation of the sentence, and any diminution of sentence earned for good behavior while in the institution. The parolee shall be given credit for time served prior to the revocation hearing whether such time is served in a local detention facility, state institution, or out-of-state institution, except that the parolee shall not receive credit for such time served prior to the revocation hearing where such hearing does not result in revocation, or the revocation is based on subsequent conviction of a crime, in which case the parolee will receive credit for time served for the subsequent conviction pursuant to Code of Criminal Procedure Article 880.
In discussing the 1976 question, the trial court noted that under R.S. 15:574.6, “[t]he parole term, when the board orders a prisoner released on parole, shall be for the remainder of the prisoner’s sentence, without any diminution of sentence for good behavior.” In rejecting defendant’s claims for 1976 credits (good as well as straight), the court concluded that “[sjince applicant’s parole term continued to run during his 1976 incarceration pending revocation hearing, R.S. 15:574.6 prohibits good-time credit during such period.”
Whatever the merits of denying any credit for the time served in 1976,[1] the trial court here has misread R.S. 15:574.6. The statute addresses only the computation of the parole term, the amount of time a defendant spends outside prison subject to the supervision of the Department of Corrections. That determination, as parole eligibility in the first place, is made without regard to good time credits.[2] The statute essentially provides that “good time” credits cannot shorten the length of the parole term as calculated in straight time on the basis of the sentence imposed.
But computation of the time actually served after parole has been revoked is another matter entirely. Good time credits will once again figure in the final (non-parole) release date. The Rules of the Louisiana Board of Parole thus provide that “[a] parolee returned to incarceration for a parole violation that does not include a new sentence for felony offense, will be required to serve the remainder of the sentence, subject to applicable commutation statutes or good-time credits." Under R.S. 15:574.-9(E), those good time credits will include the good time earned prior to parole. They will also include good time earned in the future, as the legislature has provided automatic forfeiture on parole revocation only of “. . . all good time earned on that portion of the sentence served prior to pa *727 role up to a maximum of one hundred and eighty days.” R.S. 15:571.4(B).
R.S. 15:574.9(E) does not specify whether the measure of a parolee’s credit for time served awaiting final revocation is straight or good time. In view of defendant’s continued eligibility for good time credits after parole revocation, lenity favors the application of good time credit. In fact, as we understand the policy at Angola, if a prisoner is returned there to await revocation, the penitentiary will give him good time credit on his sentence. If, on the other hand, defendant remains incarcerated in a parish jail awaiting the hearing, the penitentiary will credit only straight time against the sentence. That result appears consistent with R.S. 15:571.4(B) which limits the awarding of good time by the Department of Corrections to inmates of the department’s adult corrections institutions, i. e. Angola and St. Gabriel’s only.[3]
In this case, defendant’s original habeas application, and the order of the trial court denying relief reflect that defendant did not return to Angola until April 11, the date of his parole revocation. He thus appears entitled only to a credit of straight time served in the parish prison. As defendant got no more, and no less, than he was entitled to, he has no complaint here.
Accordingly, defendant’s application for supervisory writs is denied.

. By Acts 1974, No. 203 (R.S. 15:574.9(E)), the legislature for the first time explicitly gave the defendant credit for time served awaiting final revocation. Prior legislation, Acts 1956, No. 66 § 1 and Acts 1968, No. 191, was silent on that point and on the question of time spent short of actual revocation. Acts 1968, No. 191 thus provided that the remainder of the sentence was subject only “to consideration by the board of any commutation of the sentence, the time he had served prior to his parole, any diminution of sentence earned for good behavior while in the institution." Defendant attacks denial of any credit in 1976 on ex post facto grounds, supposing that he had a right to such credit (at the time of the commission of his offenses), in the event of parole, that was then cut off by the 1974 legislation. But prior legislation had not specifically granted such credit, and as we understand the policy at Angola, the penitentiary did not give credit (straight or good) to a parolee for the time spent awaiting his hearing prior to 1974, whether or not the hearing ended in actual revocation. To this extent, the parolee is better off under the 1974 act than he was before, and we therefore find defendant’s ex post facto argument without merit.

. As set forth in the Rules of the Louisiana Board of Parole “[g]ood time credits have no effect on parole eligibility.” In the normal course, a defendant becomes eligible for parole after serving one-third of his sentence. On a six year sentence for example, the defendant will thus become eligible for parole after two years without regard to his good time credits. His parole term, under R.S. 15:574.6, again without regard to any good time credit, is four years, the unexpired balance of the sentence on release.

. R.S. 15:571.4(B) thus provides that:
B. Upon the recommendation of the warden or superintendent of the adult correctional institutions of the Department of Corrections, the director of corrections may authorize the awarding of good time in the amount prescribed by law toward the diminution of sentence for inmates in the custody of the department of corrections. Recommendations for good time credit will be made on the basis of a thorough evaluation of the individual inmate’s behavior, work performance and efforts toward self-improvement. Good time for all sentences will be computed on the basis of twenty-five days per month for time actually served, which amount shall be applied toward diminution of sentence. Determination will be made on a monthly basis as to whether good time has been earned. Forfeiture of good time shall not exceed twenty-five days for any one month of time served. Good time which has been earned will not be forfeited except that an inmate who escapes from custody will forfeit all good time earned on that portion of the sentence served prior to escape. An offender who is returned to an institution due to revocation of parole will forfeit all good time earned on that portion of the sentence served prior to parole up to a maximum of one hundred and eighty days. Good time not earned during a particular month cannot be credited at a later time.